IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL ARNETT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CAUSE NO. 1:19-cv-1981 |
| PROGRESS RESIDENTIAL, LLC, | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT FOR DAMAGES**

Plaintiff, Michael Arnett, for his Complaint against Defendant, Progress Residential, LLC, states the following:

### I. Parties

1. Plaintiff is a resident of Carmel, Indiana.

2. Defendant, Progress Residential, LLC, is a business that does business in the Indianapolis, Indiana area.

### II. Jurisdiction and Venue

3. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under the FLSA.

4. This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

5. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue Defendant doing business in this District.

### III.  Factual Allegations

6. Plaintiff began working for Defendant on February 28, 2017.

7. Defendant agreed to pay Plaintiff on a salaried basis.

8. Plaintiff originally worked for Defendant as a Make Ready Supervisor.

9. Defendant paid Plaintiff semi-monthly.

10. On March 6, 2018, Defendant promoted Plaintiff.

11. Defendant gave Plaintiff a raise to $49,000.00 a year.

12. Defendant promoted Plaintiff to make ready Manager.

13. Plaintiff worked hours over 40 hours in a workweek which Defendant did not pay Plaintiff any overtime wages.

14. Plaintiff worked hours over 40 hours in a workweek which Defendant failed to pay at time and a half.

15. Defendant did not have a good faith basis for failing to pay Plaintiff him overtime wages at time and a half.

16. Defendant willfully failed to pay Plaintiff her overtime wages at time and a half.

17. Defendant terminated Plaintiff on August 28, 2018.

18. Counsel for Plaintiff is requesting that the wage claim of Plaintiff be referred to his office by the Indiana Attorney Generals office.

### III.  Cause of Action

**Count I**
**Failure to Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201** *et. seq.*

19. Plaintiff incorporates paragraphs 1 through 18 by reference herein.

20. Plaintiff was an employee of Defendant pursuant to the FLSA.

21. Plaintiff's work for Defendant involved interstate commerce.

22. Defendant is an employer pursuant to the FLSA.

23. Defendant had gross revenues of at least $500,000.00 for the 2016 calendar year.

24. Defendant had gross revenues of at least $500,000.00 for the 2017 calendar year.

25. Defendant had gross revenues of at least $500,000.00 for the 2018 calendar year.

26. Defendant willfully failed to properly pay overtime premiums for all overtime hours that Plaintiff worked during the course of her employment with Defendant.

27. Defendant's violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count II**
**Wage Claims Statute, I.C. §22-2-9** *et. seq.*

28. Plaintiff incorporates paragraphs 1 through 27 by reference herein.

29. Defendant is an employer pursuant to the Wage Claims Statute.

30. Plaintiff was an employee of Defendant.

31. Defendant failed to pay Plaintiff his wages due and owing in a timely fashion.

32. Defendant failed to pay Plaintiff his wages due and owing in the correct amount.

33. Plaintiff has been damaged by Defendant's violations of the Wage Claims Statute.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant for wages owed, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count III
### Breach of Contract

34. Plaintiff incorporates paragraphs 1 through 33 by reference herein.

35. Plaintiff drove his personal vehicle for business purposes of Defendant.

36. Defendant agreed to pay Plaintiff mileage for each mile that he drove on behalf of Defendant.

37. Defendant failed to pay Plaintiff his miles driven.

38. Defendant failed to pay Plaintiff his expenses due and owing in the correct amount.

39. Plaintiff has been damaged by Defendant's breach of contact.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant for monies owed, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count IV
## Crime Victim's Relief Act

40. Plaintiff incorporates paragraphs 1 through 39 by reference herein.

41. Plaintiff had personal property in the warehouse of Defendant while employed.

42. Plaintiff had two used washing machines.

43. Plaintiff had three used dryers.

44. Plaintiff had a 2017 Samsung refrigerator.

45. Plaintiff had clothes and outerwear in addition to other personal items.

46. Upon Plaintiff's termination, Defendant would not permit Plaintiff to remove any of his property from the warehouse.

47. Upon Plaintiff's termination, Defendant converted the personal property of Plaintiff.

48. Plaintiff has been damaged by Defendant's conversion of his property.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant for value of property converted, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count V
## Unjust Enrichment

49. Plaintiff incorporates paragraphs 1 through 48 by reference herein.

50. Plaintiff drove his personal vehicle for business purposes of Defendant.

51. Defendant agreed to pay Plaintiff mileage for each mile that he drove on behalf of Defendant.

52. Defendant failed to pay Plaintiff his miles driven.

53. Defendant has been unjustly enriched by Plaintiff driving miles for which Defendant has failed to pay the agreed upon mileage rate.

54. Plaintiff had personal property in the warehouse of Defendant while employed.

55. Plaintiff had two used washing machines.

56. Plaintiff had three used dryers.

57. Plaintiff had a 2017 Samsung refrigerator.

58. Plaintiff had clothes and outerwear in addition to other personal items.

59. Defendant has been unjustly enriched by its possession and control of Plaintiff's personal property.

60. Plaintiff has been damaged by Defendant's inequitable conduct.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant for monies owed, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Counsel for Plaintiff,
Michael Arnett

Weldy Law - 8383 Craig Street, Suite 330, Indianapolis, IN 46250
Tel: (317) 842-6600 / Fax: (317) 288-4013 / E-mail: rweldy@weldylegal.com